UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LONNIE GENE MASSEY, #L1067                                                    PLAINTIFF

V.                                              CIVIL ACTION NO.: 3:11-cv-451-DPJ-FKB

ANDE DANIEL                                                                   DEFENDANT

## ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Massey is an inmate of the Mississippi Department of Corrections (MDOC) who has filed this *in

forma pauperis* Complaint pursuant to 42 U.S.C. § 1983.[1]  The named Defendant is Ande Daniel.

Upon liberal review of the Complaint [1] and Response [7], the Court has reached the following

conclusions.

### I.      Background

Plaintiff's current term of incarceration is based on convictions for aggravated assault

and possession of a weapon by a convicted felon rendered by the Circuit Court of Madison

County, Mississippi, on December 6, 2010.  Plaintiff complains that Defendant Daniel provided

a false statement to the police regarding the altercation that led to his convictions and current

sentence of imprisonment.  Plaintiff avers that his constitutional rights were violated by this false

statement to the police because ultimately he was "forced to plea[d] guilty because of fear of

being charged as a habitual offender."  Resp. [7] at 3.  As relief, Plaintiff is requesting monetary

damages and the issuance of an Order directing Defendant Daniel "to give a true statement to the

Madison County District Attorney's Office."  Compl. [1] at 5.

---

[1]Plaintiff's request to proceed *in forma pauperis* was granted on September 2, 2011.

## II.    Analysis

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court.

Section 1915(e)(2) provides  that "the court shall dismiss the case at any time if the court

determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  The law "accords judges not only the authority to dismiss a claim

based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504

U.S. 25, 32 (1992); *Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir. 1994).  "[I]n an action proceeding

under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are

apparent from the record even where they have not been addressed" or raised in the pleadings on

file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to

test the proceeding for frivolousness or maliciousness even before service of process or before

the filing of the answer." *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in

this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a

violation of rights secured by the Constitution or laws of the United States and (2) demonstrate

that the alleged deprivation was committed by a person acting under color of state law.  *West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

Plaintiff is required to "prove that a state actor infringed on his constitutional rights" in order to

maintain this case.  *Thornton v. Merchant,* No. 08-20768, 2009 WL 2029871, at *12 (5th Cir.

July 10, 2009) (citing *Johnson v. Housing Auth. of Jefferson Parish*, 442 F.3d 356, 359 (5th Cir. 2006)).  Thus, for Defendant Daniel to be liable under § 1983, he must have acted under color of state law, meaning he must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law."  *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The record indicates that Defendant Daniel is a private citizen who apparently provided a statement to the police regarding the altercation that led to Plaintiff's current convictions.  Any deprivation Plaintiff allegedly suffered from Defendant Daniel was not "under color of state law."  The Court finds that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983, therefore, this action will be dismissed.

## III.    Conclusion

As discussed above, Plaintiff has failed to assert a claim against a state actor as required by 42 U.S.C. § 1983.  Consequently, this Complaint will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See, e.g.*, *Ward v. Agnew*, No. 03-61087, 2004 WL 839587, at *1 (5th Cir. Apr. 20, 2004) (affirmed frivolous dismissal of  § 1983 case against private citizen not acting under color of state law).

Since this case is dismissed pursuant to § 1915(e)(2)(B)(i) of the Prison Litigation Reform Act, it will be counted as a "strike."[2]  If Plaintiff receives "three strikes" he will be

---

[2] Title 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE